BONIN, J.,
concurs with reasons. Ill concur in the results.
On August '22, 2014, Ms. Harrison filed her qualifying papers as a candidate for the office of district judge of Domestic Relations Division 1 of the Civil District Court. See La. R.S. 13:1138 B(3). The term of such office commences January 1, 2015. See Acts 2011, No. 340 § 4. Her candidacy is objected to on the basis that — as of the date of her filing — she did not possess the eight-year law-practice requirement. Ms. Harrison was admitted on October 13, 2006.
The qualification for office in question is set out in the constitution: “A judge of the ... district court ... shall have been admitted to the practice of law in the state for at least ... eight years.” La. Const, art. 5, § 24(A)(2). The plain and unambiguous meaning of these words is that at the time a person assumes the office of judge she shall have been admitted to the practice of law for eight years. Because the provision is unambiguous, we must give it effect, and there is no need for us to resort to the “intent of the voters” or to a statutory “clarification.”[1]
|2On January 1, 2015, Ms. Harrison will have been admitted to the practice of law for eight years. Accordingly, there is no impediment to her qualifying as a candidate for district judge in the upcoming election, and the objection to her candidacy was correctly dismissed.

. "The starting point in the interpretation of constitutional provisions is the language of the constitution itself.” Ocean Energy, Inc. v. Plaquemines Parish Gov’t, 04-0066, pp. 6-7 (La.7/6/04), 880 So.2d 1, 7 (citing East Baton Rouge Sch. Bd. v. Foster, 02-2799, p. 15 (La.6/6/03), 851 So.2d 985, 996). "When a constitutional provision is plain and unambiguous and its application does not lead to absurd consequences, its language must be given effect.” Id., 04-0066, p. 7, 880 So.2d at 7. "Unequivocal constitutional provisions are not subject to judicial construction and should be applied by giving words their generally understood meaning." Id. (citing Cajun Elec. Power Co-op. v. Louisiana Pub. Serv. Com'n, 544 So.2d 362, 363 (La. 1989) (on rehearing)).